UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERTON WHITELY,<br><br>              Plaintiff,<br><br>         v.<br><br>J. LEBECK, et al.,<br><br>              Defendants. | No. 2:17-cv-2107 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

2

1 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
2 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
5 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6 content that allows the court to draw the reasonable inference that the defendant is liable for the
7 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
8 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
9 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
10 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12 III.   Complaint

13 Plaintiff characterizes his first claim as involving violation of his rights under the Fifth
14 and Ninth Amendments. He alleges that on February 24, 2016 Correctional Officer Lebeck tried
15 to move him to an upper bunk in a different cell, contrary to plaintiff's disability accommodation
16 chrono for a lower bunk. Following their disagreement about this assignment, Lebeck wrote a
17 false Rules Violation Report (RVR) accusing plaintiff of disobeying a direct order. This was
18 deliberate racial harassment. Lt. Hobart found plaintiff guilty of the RVR, in collusion with
19 Lebeck. The guilty finding was later overturned on grounds of a due process violation.

20 Claim Two asserts violations of the First, Fifth and Eighth Amendments. Plaintiff alleges
21 that on March 2, 2016, Officer Lebeck falsified documents related to plaintiff's placement in
22 administrative segregation (ad seg). Plaintiff was placed in ad seg due to Lebeck's racial
23 harassment and in retaliation for a prior, unrelated incident. Lebeck's false statement was a
24 representation that plaintiff had expressed concern for his own safety on the general population
25 yard. The false statement was racially motivated. Defendants Mcleod, Reames, Jochim and
26 Hampton are alleged to have participated in various ways in plaintiff's harassment by Lebeck and
27 placement in ad seg on false pretenses. Plaintiff was not screened prior to ad seg placement, in
28 violation of due process. Lt. Hampton, who signed the ad seg order, violated Title 15 of the Cal.

1  Code of Regulations.  Plaintiff was held in ad seg for nine days during the investigation into his
2  falsely-reported security concerns.  A meeting of the Institution Classification Committee was
3  held to review plaintiff's placement on March 11, 2016.  Plaintiff wanted to attend but no officers
4  ever came to escort him; it was falsely reported that he refused to attend.  This demonstrates
5  collusion among staff, including Chief Deputy Warden Baughman, to cover up Lebeck's false
6  allegations against plaintiff.  Plaintiff's subsequent appeals were ignored or cancelled by
7  defendants Buchmiller, Frederick and Reames.  Lebeck's false statements were retaliatory, and
8  caused plaintiff to be attacked by another inmate on September 16, 2016.  The falsified
9  documents thus violated plaintiff's Eighth Amendment right to safety.
10         Claim Three asserts First and Eighth Amendment violations arising from another RVR
11 written by Lebeck.  On March 19, 2016, plaintiff refused a cell reassignment that was
12 incompatible with his disability accommodations.  Lebeck falsely documented that plaintiff had
13 no valid reason to accept the reassignment.  Lebeck was motivated by his grudge against plaintiff
14 for repeatedly "exercising his legal constitutional right to deny a cellmate."  Lebeck's false
15 statements about plaintiff's security concerns caused plaintiff to be suspected as a snitch, which
16 led to his assault by another inmate on September 16, 2016.
17 IV.    Failure to State a Claim
18        A. Claim One
19         Claim One is primarily concerned with Lebeck's allegedly false statements in the
20 February 2016 RVR.  False statements by a correctional officer do not violate an inmate's
21 constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. §
22 1983.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no
23 constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion,
24 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)
25 ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's
26 involvement in the grievance procedure, standing alone, do not state constitutional claims.");
27 Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no
28 constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

4

1    may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137,
2    1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates
3    an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where
4    the procedural due process protections . . . are provided."). As long as prison disciplinary charges
5    are supported by "some evidence," due process is satisfied. Superintendent v. Hill, 472 U.S. 445,
6    454 (1985).

7        Plaintiff also alleges that Lebeck's false statements constituted racial harassment.
8    Racially motivated false statements might implicate plaintiff's equal protection rights. "Prisoners
9    are protected under the Equal Protection Clause . . . from invidious discrimination based on race."
10   Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a claim for violation of the Equal
11   Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to
12   discriminate against him based upon his membership in a protected class. Barren v. Harrington,
13   152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff has not stated any facts that would support
14   an inference Lebeck was motivated by racial hostility. The complaint contains no allegations
15   regarding race other than the wholly conclusory allegation of "racial harassment," which is
16   inadequate to state a claim.

17       Plaintiff alleges further that Lebeck was retaliating against him. Retaliation supports
18   relief under § 1983 only where a plaintiff alleges retaliation for constitutionally protected
19   conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). In Claim One, plaintiff alleges only
20   that Lebeck was retaliating for a prior unrelated incident. Without details, the court cannot assess
21   whether that prior incident involved constitutionally protected conduct. "Within the prison
22   context, a viable claim of First Amendment retaliation entails five basic elements: (1) An
23   assertion that a state actor took some adverse action against an inmate (2) because of (3) that
24   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
25   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
26   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). Claim One
27   does not include factual allegations to support these elements. Accordingly, it fails to state a
28   retaliation claim.

For all these reasons, Claim One does not state a claim for relief as pled. Plaintiff will be given an opportunity to amend.

B. Claim Two

Claim Two is primarily concerned with plaintiff's placement in ad seg in March 2016. To the extent that Claim Two seeks relief on grounds that Lebeck made false statements about plaintiff, and was motivated by racial and/or retaliatory animus, the claim fails for the reasons explained as to Claim One. Because the allegations against Lebeck are insufficient to state a claim, the allegations that other defendants colluded with Lebeck necessarily also fail.

To the extent that plaintiff seeks relief for violation of his procedural due process rights, he also fails to state a claim. Regardless of Title 15 requirements, which cannot be enforced under § 1983,[1] when an inmate is place in ad seg the Constitutional requires only that he be given an "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). The allegations of the complaint do not identify any violation of the Hewitt requirements.

To the extent that plaintiff seeks relief for the handling of his inmate appeals, he has not identified conduct that violates the constitution. Inmates lack a liberty interest in the processing of an inmate appeal because there is no "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). A prison official's denial of an inmate appeal thus does not qualify as a constitutional violation. Id.

Finally, plaintiff alleges that Lebeck's false statements about his security concerns led to his assault by another inmate. This allegation suggests a failure to protect claim under the Eighth Amendment. Prison officials have an obligation to protect prisoners from injury by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). The Eighth Amendment is only

---

[1] 28 U.S.C. § 1983 provides a remedy for violation of federal rights only. Violation of state prison regulations does not support a private cause of action.

violated, however, when a defendant acts with a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). Accordingly, to state an Eighth Amendment claim for failure to protect, a plaintiff must plead facts demonstrating that the defendants knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. This is the standard for deliberate indifference. The allegations of the complaint do not support a failure to protect claim against Lebeck, because they do not demonstrate that Lebeck knew he was creating an excessive risk of harm to plaintiff.

For all these reasons, Claim Two does not state a claim for relief as pled. Plaintiff will be given an opportunity to amend.

C. Claim Three

Claim Three also alleges false statements by Lebeck, and fails to state a claim for relief on that basis for the reasons previously explained. Plaintiff's allegations of retaliation in Claim Three also fail to state a claim. Retaliation for refusal of a cellmate does not violate the First Amendment because, contrary to plaintiff's theory, such refusal is not constitutionally protected speech. The First Amendment protects an inmate's right to litigate and to file grievances. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). It does not extend to verbal interactions with correctional staff. See, e.g., Lockett v. Suardini, 526 F.3d 866, 874 (6th Cir. 2008); Smith v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008); Garrido v. Coughlin, 716 F. Supp. 98, 99-101 (S.D.N.Y. 1989).

Plaintiff's failure to protect claim is more clearly articulated in Claim Three than in Claim Two, but again fails to allege facts showing that Lebeck knew his report to other officials would create an excessive risk that plaintiff would be harmed by other inmates.

For all these reasons, Claim Three does not state a claim for relief as pled. Plaintiff will be given an opportunity to amend.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo

v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Because the facts you have alleged are not enough to state a claim for relief, the complaint will not be served. False statements made by correctional staff do not violate your constitutional rights, even if they are used to support an RVR or ad seg placement. False statements that are racially motivated would violate your equal protection rights, but to state a claim you must allege facts showing that the motivation was racial. To state a claim for retaliation, you must allege facts showing that the motivation was retaliatory, and that the retaliation was for constitutionally protected conduct. Refusing a cellmate is not constitutionally protected speech. To state an Eighth Amendment claim for failure to protect, you must allege facts showing that Lebeck knew

8

when he wrote the report about your supposed security concerns that doing so would create an excessive risk that you would be assaulted. Your allegations about placement in ad seg and denial or cancellation of your appeals do not state claims for relief, because inmates have very limited constitutional rights in those areas.

Rather than recommending dismissal, the court is giving you the opportunity to amend your complaint so that you can try to fix the problems with your claims. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint has been screened and found not to state a claim.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 22, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE