UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERTON WHITELY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LEBECK, et al.,<br><br>　　　　Defendants. | No.  2:17-cv-2107 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed April 23, 2020, the undersigned screened the original complaint, found it did not state a claim for relief, and gave plaintiff an opportunity to file an amended complaint.  ECF No. 15.  Plaintiff has now filed a first amended complaint.  ECF No. 20.

I.　　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

////

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted), abrogated on other grounds by Neitzke, 490 U.S. at 323-24 & n.3 (holding that a complaint that fails to state a claim is not necessarily frivolous).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

2

1 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
2 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
3 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

　　II.　　Complaint

Plaintiff characterizes his first claim as involving violation of his First Amendment rights. ECF No. 20 at 3-5.  The first amended complaint alleges that defendant Lebeck retaliated against plaintiff for filing a grievance against Lebeck regarding an "unrelated incident" of racial harassment.  Id. at 3-4.  After plaintiff filed the grievance, he was reassigned to the top bunk of another cell.  Id. at 4.  Defendant Lebeck knew that plaintiff is disabled and requires use of the lower bunk, but nonetheless assigned plaintiff to a cell with an inmate who is also disabled and requires use of the lower bunk bed.  Id.  Following this disagreement, on March 29, 2016, defendant Lebeck falsely charged plaintiff with a rules violation report (RVR) for failing to follow a correctional officer's order to comply with a cell reassignment.  Id. at 3-4.  Specifically, plaintiff alleges that Lebeck "falsely documented that plaintiff had no valid reason to accept the reassignment."[1]  Id. at 4.  Plaintiff claims that Lebeck's acts of reassigning him to a top bunk and falsely charging him with a disciplinary infraction were racially motivated, and that Lebeck's intentions were to harm him and retaliate for a grievance he filed on March 7, 2016.  Id. at 3-5.

Claim Two asserts violations of the First, Eighth, and Fourteenth Amendments.  Id. at 6-10.  Plaintiff alleges that on February 24, 2016, Lebeck tried to move plaintiff to an upper bunk despite his disability accommodation for a lower bunk in an act of racially motivated harassment, and then retaliated by issuing a falsified RVR stating that plaintiff disobeyed a direct order.  Id. at 6.  Then, on March 2, 2016, Lebeck falsified documents that stated that plaintiff feared for his own safety on the general population yard, which subsequently led to plaintiff being placed in administrative segregation (ad-seg).  Id. at 7.  Plaintiff also contends that he was given notice to attend a meeting of the Institution Classification Committee in order to present his views regarding his placement in ad-seg, but defendant Baughman denied him this opportunity in order

---

[1] Presumably this is a typographical error and plaintiff intended to state that Lebeck falsely documented that he did not have a valid reason to *not* accept the reassignment.

1   to hide Lebeck's false report and allegations.  Id.  Upon plaintiff's release from ad-seg, Lebeck

2   falsely charged him with an RVR for failing to comply with cell assignment orders as alleged in

3   Claim One.  Id.

4       Plaintiff asserts that Lebeck's conduct was motivated by plaintiff's race and was intended

5   to endanger him, because if other prison staff and inmates knew about his time in ad-seg he

6   would be considered a snitch and assaulted.  Id. at 8.  Specifically, he contends that on September

7   16, 2016, another inmate approached him, asked why he was placed in ad-seg in March, and

8   attacked him.  Id. at 9.  The complaint asserts that Lebeck knew that the false report would lead to

9   him being assigned to ad-seg and put him at risk of assault, but defendant nonetheless did so in

10  order to harm plaintiff.  Id. at 8-9.

11      III.    Failure to State a Claim

12          A.    Claim One

13  Claim One is primarily concerned with defendant Lebeck's issuance of the March 29,

14  2016 RVR, which plaintiff contends included false statements and was retaliatory.  Id. at 3.

15  Plaintiff pursues First Amendment retaliation claims.

16              1.    Retaliation

17  "The First Amendment guarantees a prisoner a right to seek redress of grievances from

18  prison authorities and as well as a right of meaningful access to the courts."  Jones v. Williams,

19  791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted).  "Retaliation against prisoners for their

20  exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly

21  established law.'"  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citations omitted).

22  However, to state a retaliation claim under § 1983, a plaintiff must allege retaliation for

23  constitutionally protected conduct.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  The

24  Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First

25  Amendment right.  Brodheim, 484 F.3d at 1269 (citing Rhodes v. Robinson, 408 F.3d 559, 566

26  (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003)).

27  
28  
> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)

4

> that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68 (footnote and citations omitted).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt, 65 F.3d at 806 (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

Plaintiff claims that defendant Lebeck retaliated against him for filing a grievance on March 3, 2016, by "racially harass[ing] him" and falsely charging him with an RVR on March 29, 2016. ECF No. 20 at 3-4.

Insofar as plaintiff contends that Lebeck retaliated against him by attempting to relocate him and falsely issuing an RVR, he fails to state a claim. Though he claims that Lebeck was motivated by a grudge against plaintiff for filing a grievance, the complaint does not allege facts supporting this conclusion. The fact that Lebeck issued an RVR after plaintiff filed a grievance is not enough, as a matter of law, to show that retaliation was a motivating or substantial factor behind Lebeck's decision to write plaintiff up. Moreover, any inference of a causal link is undermined by plaintiff's further allegations that Lebeck's conduct on March 29, 2016, was part of a continued pattern of racial harassment and false statements that started in February 2016, prior to the filing of the grievance he asserts here as Lebeck's reason for retaliating against him.[2]

---

[2] To the extent plaintiff alleges that defendant Lebeck's order to change cells and issuance of the RVR were racially motivated, these allegations are discussed below as part of the equal protection claim.

Plaintiff has failed to allege facts showing that defendant Lebeck had retaliatory motives for relocating plaintiff and issuing the RVR.  Accordingly, this retaliation claim fails.

2. False Statements

Insofar as plaintiff alleges that defendant Lebeck violated his constitutional rights by making false statements in the March 29, 2016 RVR, he fails to state a claim.  False statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. § 1983.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports) (citing Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984)); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims." (citation omitted)).  As long as prison disciplinary charges are supported by "some evidence," due process is satisfied.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  Though plaintiff alleges that defendant Lebeck falsely charged him with a disciplinary rule infraction, this allegation alone does not support a claim.

B. Claim Two

Claim Two is primarily concerned with defendant Lebeck's alleged racial discrimination and plaintiff's placement in ad-seg in March 2016.  Plaintiff asserts violation of his rights under the First, Eighth, and Fourteenth Amendments.

1. False Statements

Plaintiff alleges that defendants Lebeck and Baughman violated his rights by (1) falsifying documents that led to his placement in ad-seg and (2) denying him the opportunity to attend the Institution Classification Committee's meeting regarding his placement in ad-seg.  ECF No. 20 at 9-10.  To the extent he is claiming that Lebeck and Baughman violated his due process rights by making false statements, plaintiff fails to state a claim for the same reasons stated above with relation to Claim One.  Similarly, to the extent plaintiff's invocation of the First Amendment may

////

6

be an attempt to claim the statements were retaliatory, he fails to state a claim because he has not identified any retaliatory motive.

### 2. Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (citation omitted), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). In order to succeed on this claim, plaintiff must show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [the official] must also draw the inference." Id. at 837. That is, to state a claim for Eighth Amendment failure to protect, plaintiff must plead facts demonstrating that defendant acted knew of and disregarded an excessive risk to his health or safety.

Here, plaintiff alleges that defendant Lebeck's false statements led to his assault by another inmate. ECF No. 20 at 8-9. In addition, he alleges that defendant Baughman endangered his life by denying him the opportunity to attend the classification committee meeting and contest his placement in ad-seg. Id. at 10. Plaintiff claims that Lebeck knew that his report would put plaintiff in danger of assault. However, he does not plead facts demonstrating defendant Lebeck's awareness that he could be or had been labeled a snitch as a result of Lebeck's conduct, that he was at risk of harm, and that Lebeck disregarded this risk. Merely concluding that defendant Lebeck knew that his report would endanger plaintiff is not sufficient to state a claim. Likewise, there are no alleged facts supporting an inference that defendant Baughman was aware of an excessive risk to plaintiff. Thus, plaintiff fails to state a claim for failure to protect against both defendants.

### 3. Equal Protection

Plaintiff alleges that defendant Lebeck's false statements in the March 29, 2016 RVR and the report that led to his placement in ad-seg were racially motivated and constituted racial

7

harassment. Id. at 4, 7-9. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted).

In this case, plaintiff has failed to allege facts supporting an inference that defendant Lebeck was motivated by racial animus. According to plaintiff, defendant Lebeck was racially motivated because if Lebeck wanted to resolve the issue, he would have placed him in a cell with an inmate without a disability so that plaintiff could use the bottom bunk. ECF No. 20 at 5. He also claims that defendant Lebeck would have treated plaintiff differently if he was white. Id. at 8. However, these allegations do not support a conclusion that defendant Lebeck targeted plaintiff because of his race. Conclusory allegations that defendant's conduct constituted racial harassment are insufficient to state a claim.

### 4.   Due Process

Plaintiff claims that he was denied the opportunity to attend a meeting of the Institution Classification Committee to present his case against his placement in ad-seg. ECF No. 20 at 7. Insofar as plaintiff claims defendants Lebeck and Baughman colluded to deny his due process rights, his claims fail. When an inmate is placed in ad seg, the Constitution requires only that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose . . . ." Id. at 476.

In this case, plaintiff alleges that he received notice of the meeting and was denied the opportunity to attend in person. He further alleges that prison officials released him into the B-

8

Facility yard without his input. ECF No. 20 at 10. However, he does not allege that he was denied the opportunity to present his views through a written statement or that the notice was insufficient. Given that his allegations do not demonstrate a violation of the Hewitt requirements, his due process claim fails.

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Here, plaintiff's claims that defendants Lebeck and Baughman violated his First, Eighth, and Fourteenth Amendment rights do not state viable claims for relief. The court previously explained the deficiencies of plaintiff's claims, set forth the governing legal principles, and granted leave to amend. Despite the instructions that plaintiff was given regarding the type of information necessary to state a claim, the allegations in the first amended complaint still fall short of a constitutional violation. While plaintiff removed several defendants from the amended complaint and condensed three claims into two, the amended complaint contains the same substantive factual allegations as the original complaint with no additional, supporting facts to address the original's deficiencies. The court therefore concludes that plaintiff has no further facts to allege and is convinced that further opportunities to amend would be futile. Accordingly, the undersigned recommends that the complaint be dismissed without leave to amend.

### V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your first amended complaint by dismissed without leave to amend because the facts you have alleged are not enough to state a claim for relief and it does not look like you have any more facts to add. Your retaliation claim against defendant Lebeck does

1 not state a claim because you have not shown that Lebeck's motivation was to retaliate against
2 you for protected conduct.  Your claims against defendants Lebeck and Baughman based on them
3 making false statements do not state claims for the violation of your constitutional rights, even if
4 they were used to support an RVR or ad-seg placement.  Your failure to protect claims fail
5 because you have not alleged facts showing that Lebeck and Baughman knew that their actions
6 that led to your placement in ad-seg would create an excessive risk that you would be assaulted.
7 Concluding that Lebeck and Baughman were aware of the risk to you without alleging facts that
8 show how they were aware is not enough to state a claim.  Your equal protection claim against
9 Lebeck fails because you have not shown that Lebeck's actions were racially motivated.  It is not
10 enough to just say that Lebeck committed racial harassment.  Finally, your due process claim
11 regarding your placement in ad-seg fails because inmates have very limited constitutional rights
12 in this area and you have not alleged facts showing they were violated.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a United States District Judge to this matter.

IT IS FURTHER RECOMMENDED that plaintiff's first amended complaint (ECF No. 20) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10